**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **ELLEN WELLINGTON,** *individually, and on behalf of herself and other similarly situated current and former employees*, <br><br> Plaintiffs, <br><br> v. <br><br> **CORECIVIC OF TENNESSEE, LLC**, *a Tennessee Corporation, and* **CORECIVIC, INC.**, *a Maryland Corporation,* <br><br> Defendants. | NO. <br><br> **FLSA Opt-In Collective Action** <br><br><br> **JURY DEMANDED** |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Ellen Wellington ("Plaintiff"), individually, and on behalf of herself and all others similarly situated as a class, brings this Fair Labor Standards Act ("FLSA") collective action against the CoreCivic of Tennessee, LLC and CoreCivic, Inc. ("Defendants") and alleges as follows:

### I. NATURE OF SUIT

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former hourly-paid correctional officers, as defined herein.

2. During all times material, Defendants violated the FLSA by failing to pay Plaintiff and

1

those similarly situated for all hours worked over forty (40) per week within weekly pay periods at the rate of time and one-half their regular rate of pay.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b)

## II. PARTIES

4. Plaintiff Ellen Wellington was employed by Defendants as an hourly-paid correctional officer at all times material to this collective action. Ms. Wellington's consent to join form is attached as *Exhibit A*.

5. Defendant, CoreCivic of Tennessee, LLC, is a Tennessee Corporation authorized to do business, and is currently doing business, in the State of Tennessee with its headquarters located at 5501 Virginia Way, Brentwood, TN 37027-7680. According to the Tennessee Secretary of State, Defendant CoreCivic of Tennessee. LLC may be served via its registered agent: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. Defendant, CoreCivic, Inc. is a Maryland Corporation authorized to do business, and is currently doing business, in the State of Tennessee with its headquarters located at 5501 Virginia Way, Brentwood, TN 37027-7680. CoreCivic, Inc. is the parent company of CoreCivic of Tennessee, LLC. According to the Tennessee Secretary of State, Defendant CoreCivic, Inc. may be served via its registered agent: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants'

headquarters are located in this district and they conduct business in this district.

## IV. CLASS DESCRIPTION

9. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All current and former hourly-paid correctional officers of Defendants within the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## V. COVERAGE

10. At all times hereinafter mentioned, Defendants have been an "employer" of Plaintiff and putative class members within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendants employ workers who are engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of business done of not less than $500,000.

13. Throughout the statutory period applicable to this action, Defendants knew the law required that their employees be paid overtime for each hour they worked over forty (40) in any given workweek.

14. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendants, were engaged in interstate commerce.

15. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees" of Defendants as that term is defined in the FLSA and were individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

16. Defendants own and manage private prisons, correctional facilities, and detention centers across the United States.

17. Plaintiff Wellington was employed as an hourly-paid non-exempt correctional officer of Defendants during all times material to this action. Specifically, she was employed as a correctional officer at the West Tennessee Detention Center in Mason, Tennessee, a prison owned and managed by Defendants.

18. Plaintiff and other similarly situated correctional officers regularly worked forty (40) hours or more within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

19. An integral and indispensable job duty for Plaintiff and putative class members is to keep weapons and contraband out of the prison, as well as to monitor prisoners' activities.

20. Defendants have been responsible for determining, implementing and administering the pay policies and practices relating to Plaintiff and other similarly situated correctional officers from their headquarters in Brentwood, Tennessee, including their common plan, policy and practice of failing to pay them for their preliminary integral and indispensable "off-the-clock" job duties, as described hereinafter.

4

21. At all times material, Defendants had a common time keeping system for the purpose of recording the compensable time of Plaintiff and those similarly situated, which system involved a "clocking-in" and "clocking-out" process.

22. Defendants also had a common badge-in and badge-out (swipe-in and swipe-out) system for the purpose of recording the time each correctional officer would enter and leave the central control area of the respective prison at which he or she worked.

23. Defendants had a common policy, plan and practice of only compensating Plaintiff and other similarly situated correctional officers from the time they "clocked in." That is to say, Plaintiff and putative class members were not paid for integral and indispensable screening protocols they were required to participate in before "clocking in."

24. Plaintiff and other similarly situated correctional officers were required to engage in compensable work time before their respective shift periods for which they were not paid at the applicable FLSA overtime rates of pay.

25. Specifically, Plaintiff and similarly situated correctional officers were not compensated at the applicable FLSA overtime rates of pay for their time spent in being processed and screened through a centrally controlled security system upon their arrival for the purpose of ensuring no weapons or contraband would enter the respective prison and ensuring the overall safety of the respective facility.

26. Plaintiff and other similarly situated correctional officers were required to badge-in (swipe-in) at the beginning of such centrally controlled screening process, which time and date is recorded and which time constitutes the beginning of their respective "workday."

27. Neither were Plaintiff and other similarly situated correctional officers paid the applicable FLSA overtime rates of pay from the time the centrally-controlled screening process was

5


completed until the beginning of their shift, which interim period was within the workday and consisted of waiting for their shift time to commence as well as frequently being briefed about post assignments, etc. during such waiting time.

28. Although the preliminary period of time between the badge-in (swipe-in) time and the "clock in" time of Plaintiff and other similarly situated correctional officers should be recorded, assuming Defendants kept accurate records, it typically consisted of approximately ten (10) minutes of unpaid "off the clock" time.

29. The aforementioned unpaid "off the clock" takes a significant amount of time each respective work day and is not *de minimis*.

30. Defendants were well aware they were not compensating Plaintiff and other similarly situated correctional officers for the aforementioned "off-the-clock" time at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this collective action.

31. The aforementioned "off-the-clock" wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendants' FLSA violations.

32. Defendants' common plan, policy and practice of not compensating Plaintiff and other similarly situated correctional officers for all their "off-the-clock" time at the applicable FLSA overtime rates of pay within applicable weekly pay periods during all times material violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33. Defendants' failure to compensate Plaintiff and other similarly situated correctional officers for the aforementioned "off-the-clock" time was willful and with reckless disregard to established FLSA principles and, without a good faith basis for such conduct.

34. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those

6

Case 3:20-cv-00815   Document 1   Filed 09/22/20   Page 6 of 12 PageID #: 6

similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

35. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40), within weekly pay periods during the statutory period, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this case as a collective action on behalf herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

37. Plaintiff seeks to pursue her aforementioned unpaid "off-the-clock" wage claims against Defendants on behalf of herself and on behalf of herself and all other similarly situated correctional officers as a class.

38. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

39. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' unlawful time keeping, pay practices and compensation plans, policies, and practices.

40. The collective action mechanism is superior to other available methods for a fair and

efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

41. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

42. Counsel for Plaintiff will adequately protect her interests as well as the interests of all class members.

43. Defendants' conduct, as alleged herein, was willful and with reckless disregard to the FLSA overtime requirements, which conduct caused significant damage to Plaintiff and the collective class.

44. Defendants did not have a good faith basis for their failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within applicable weekly pay periods during all times material to this action.

45. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime compensation.

46. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

47. Plaintiff estimates there are several thousand putative members of the collective class. The

8

Case 3:20-cv-00815   Document 1   Filed 09/22/20   Page 8 of 12 PageID #: 8

precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

48. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice in all of Defendants' prisons, correctional facilities, and detention centers.

49. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel, badge-in/badge-out and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

50. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

51. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under the FLSA.

52. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

53. At all times material, Defendants were an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

54. Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

55. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

56. As a result of Defendants' common plan, policy and practice of failing to compensate

Plaintiff and class members for all the aforementioned "off-the-clock" time within applicable weekly pay periods during all times material to this action, Defendants have violated the overtime requirements of the FLSA and are liable to them for such compensation.

57. The aforementioned preliminary (screening-in) "off-the-clock" time was an integral and indispensable part of Plaintiff and class members' job duties relating to keeping weapons and contraband out of the respective prisons. Plaintiff and class members would not have been able to perform their job duties of keeping weapons and contraband out of the respective prisons without such a screening process to detect any possible weapons and contraband.

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

59. Through their actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

60. Defendants' actions were willful and with reckless disregard of clearly applicable FLSA provisions.

61. Defendants' actions were not in good faith.

62. The unpaid "off-the-clock" claims of Plaintiff and the class are unified through a common theory of Defendants' FLSA violations.

63. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

64. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may

be entitled; and

k) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: September 22, 2020.    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*